Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 541-3133
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | Case No.: |
|---|---|---|
| Plaintiff, | ) ) ) ) ) | **COMPLAINT—ADA** <ul><li>**Disability Discrimination (Discharge)**</li><li>**Denial of Reasonable Accommodation**</li></ul> |
| vs. | ) ) ) ) | |
| HAWAII MEDICAL SERVICE ASSOCIATION and Does 1-5 Inclusive, | ) ) ) ) | **JURY TRIAL DEMAND** |
| Defendant(s). | ) ) | |

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act ("ADAAA") of 2008, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Marline Reyes and a class of similarly aggrieved individuals who were adversely affected by such practices.  As set forth with greater particularity in paragraphs 9 to 17 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant Hawaii Medical Service Association ("Defendant" or "HMSA") is liable for unlawfully discriminating against a class of individuals due to their actual disability by discontinuing intermittent leave as a reasonable accommodation. Plaintiff further alleges that Defendant failed to engage in the interactive process to identify other reasonable accommodations for individuals with disabilities (including but not limited to transferring affected individuals to other positions within HMSA) and instead caused these individuals to either work without the accommodation previously provided or be discharged if the individuals did not resign.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 107(a)

of the ADA, 42 U.S.C. §12117(a) (incorporating the powers, remedies, and

procedures set forth in Sections 706 of Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. §§ 2000e-5, into ADA enforcement actions).

2.      The employment practices alleged to be unlawful were committed

within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

3.      The Commission is an agency of the United States of America,

charged with the administration, interpretation and enforcement of the ADA, and is

expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C.

§12117(a), which incorporates by reference Title VII's Section 706(f)(1) and (3),

42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Hawaii Medical Service Association

has been a corporation doing business in the State of Hawaii, and has continuously

had at least fifteen (15) employees.

5.      At all relevant times, Defendant Hawaii Medical Service Association

has continuously been an employer engaged in an industry affecting commerce

under Section 101(5)(A) of the ADA, 42 U.S.C. §12111(5)(A), and Section 101(7)

of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections

701(g) and (h) of Title VII, 42 U.S.C. 2000e(g) and (h).

6.      At all relevant times, Defendant Hawaii Medical Service Association

was a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2)

7.      All of the acts and failures to act alleged herein were duly performed

by and attributable to all Defendants, each acting as a successor, agent, alter ego,

employee, indirect employer, joint employer, integrated enterprise and/or or under

the direction and control of the others, except as specifically alleged otherwise.

Said acts and failures to act were within the scope of such agency and/or

employment, and each Defendant participated in, approved and/or ratified the

unlawful acts and omissions by the other Defendants complained of herein.

Whenever and wherever reference is made in this Complaint to any act by a

Defendant or Defendants, such allegations and reference shall also be deemed to

mean the acts and failures to act of each Defendant acting individually, jointly,

and/or severally.

8.      Plaintiff is ignorant of the true names and capacities of each

Defendant sued as Does 1 through 5, inclusively, and therefore Plaintiff sues said

defendant(s) by fictitious names.  Plaintiff reserves the right to amend the

complaint to name each Doe defendant individually or collectively as they become

known.  Plaintiff alleges that each Doe defendant was in some manner responsible

for the acts and omissions alleged herein and Plaintiff will amend the complaint to

allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

9.     More than thirty days prior to the institution of this lawsuit, Charging Party Marline Reyes filed a charge of discrimination with the Commission alleging violations of ADA by Defendant, after which the Commission investigated the charge of discrimination.

10.     On February 23, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.   The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.     On May 24, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

14.     Since at least 2013, Defendant Hawaii Medical Service Association decided to prohibit providing intermittent leave as a reasonable accommodation

despite having done so in the past, in violation of Sections 102 (a), 102(b)(5)(A) of

Title I of the ADA, 42 U.S.C. § 12112 (a) and (b)(5)(A). Defendant Hawaii

Medical Service Association further violated the ADA by not engaging in the

interactive process to determine if other reasonable accommodations could be

provided (including but not limited to transferring affected individuals to other

positions within HMSA) thereby causing individuals to either work without the

accommodation previously provided or be discharged if the individuals do not

resign.

15.     Each class member, including but not limited to Marline Reyes and

Sharolyn Burrell, is a qualified individual with a disability who could perform the

essential duties of his or her job with or without a reasonable accommodation.

16.     For example, Marline Reyes began working for Defendant as a

Customer Relations Representative in April 2013. In her role as a Customer

Relations Representative, she worked at HMSA's call center in Hilo, Hawaii, and

provided claims and benefits information in response to HMSA's customers

through direct customer contact.  Charging Party performed satisfactorily to merit

a contract extension and a pay raise.  During her employment, Charging Party

suffered from Type 2 Diabetes and Stage 4 Renal Failure which substantially

limited her endocrine functions.  In June 2013, Charging Party provided Defendant

with medical notes which showed her diagnosis of diabetes and renal insufficiency,

and her need for lifetime accommodation to regularly attend medical appointments. Beginning August 2013, Defendant granted intermittent leave to Charging Party by permitting her to take 1-4 days a month. In October 2013, Defendant abruptly made the decision to terminate all intermittent leave accommodations effective January 1, 2014, and Charging Party either had to work without the accommodation previously provided or resign.  Defendant did not engage in the interactive process to determine if she could be provided with other reasonable accommodations (including but not limited to transferring to other positions within HMSA).  The termination of intermittent leave caused immense stress and anxiety for Charging Party as she felt she could no longer attend all the required medical appointments without repercussions leading to her resignation on January 23, 2014.

17.    Class Member Sharolyn Burrell began working for Defendant as a Customer Relations Representative in October 1996. Ms. Burrell worked at HMSA's call center for approximately 18 years and provided claims and benefits information in response to HMSA's customers through direct customer contact.  In 2010, Ms. Burrell began to develop back problems and was later diagnosed with degenerative disc disorder and spinal stenosis which substantially limited her ability to stand, sit and walk for prolonged periods.  In mid-2012, Ms. Burrell was approved to take intermittent leave which varied from 1-3 days per month, and

later revised to 4-8 days per month when her conditions deteriorated.  In October

2014, Defendant informed Ms. Burrell that her intermittent leave would be

discontinued upon the exhaustion of her FMLA leave and she was given the option

to resign or be discharged.  Defendant did not engage in the interactive process to

determine if she could be provided with other reasonable accommodations

(including but not limited to transferring to other positions within HMSA) that

would enable her to attend the required medical appointments and as a result, Ms.

Burrell chose to resign to avoid being discharged.

18.     The effect of the practices complained of in paragraphs 9 to 17 above

has been to deprive Charging Party and similarly aggrieved individuals of equal

employment opportunities and otherwise adversely affects their status as

employees because of their disability.

19.     The unlawful employment practices complained of in paragraph 9 to

17 above were intentional and caused Charging Party and similarly aggrieved

individuals to suffer emotional distress.

20.     The unlawful employment practices complained of in paragraphs 9 to

17 above were done with malice or with reckless indifference to the federally

protected rights of Charging Party and similarly aggrieved individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate on the basis of disability;

B.     Order Defendant to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of § 102(a) and (b), 42 U.S.C. § 12112(a) and (b);

C.     Order Defendant to make Charging Party and similarly aggrieved individuals whole by providing compensation for past and future pecuniary losses, including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D.     Order Defendant to make Charging Party and similarly aggrieved individuals whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

E.     Order each Defendant to pay Charging Party and similarly aggrieved individuals punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

F.     Award the Commission its costs of this action; and

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: June 21, 2018                Respectfully Submitted

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C.  20507

By: _____
ANNA Y. PARK,
Regional Attorney

SUE J. NOH,
Supervisory Trial Attorney

RUMDUOL VUONG,
Supervisory Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION