Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Derek W. Li CA SBN 150122
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 541-3133
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> HAWAII MEDICAL SERVICE ASSOCIATION, and Does 1-5 Inclusive, <br><br> Defendant(s). | Case No.: CV-18-00253-LEK-WRP <br><br> **CONSENT DECREE; EXHIBIT A; ORDER** <br><br><br><br> The Honorable Leslie E. Kobayashi <br> United States District Judge <br> Trial Date:  July 20, 2020 |

1

# I.

# __INTRODUCTION__

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") and Defendant Hawaii Medical Service Association ("Defendant" or "HMSA") (Plaintiff and Defendant collectively, the "Parties") stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendant in *U.S. Equal Employment Opportunity Commission v. Hawaii Medical Service Association, et al.,* Case No. CV-18-00253-LEK-WRP (the "Action"). On June 28, 2018, Plaintiff filed this Action in the United States District Court, District of Hawaii, for violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"). The Action alleged that Defendant discriminated against Charging Party Marline Reyes ("Charging Party" or "Reyes"), identified class member Sharolyn Burrell, and an unidentified class of similarly situated individuals on the basis of disability by failing to engage in the interactive process, failing to provide a reasonable accommodation, and/or terminating their employment because of their disability. Defendant denies the allegations and denies liability. Defendant's agreement to this Consent Decree is not an admission of liability.

## II.

## <u>PURPOSES AND SCOPE OF THE CONSENT DECREE</u>

A.      The Parties agree that this Action should be fully and completely resolved by entry of this Consent Decree. The Decree is made and entered into by and between the EEOC and Defendant and shall be binding on and enforceable against Defendant and its successors and assigns.

B.      The Parties have entered into this Decree for the following purposes:

1.      To provide monetary and injunctive relief;

2.      To ensure Defendant's employment practices comply with federal law;

3.      To ensure a work environment free from discrimination, especially as it relates to disability discrimination;

4.      To ensure training in employment discrimination law including, but not limited to, disability discrimination, the interactive process, reasonable accommodations, and leave as a reasonable accommodation;

5.      To provide an appropriate and effective mechanism for handling reasonable accommodation requests, including but not limited to requests for intermittent leave due to a disability;

6.      To provide an appropriate and effective mechanism for handling complaints of disability discrimination including, but not limited to, complaints

regarding the interactive process and/or reasonable accommodations;

    7.    To ensure appropriate record keeping, reporting, and monitoring; and

    8.    To avoid the expense and uncertainty of further litigation.

## III.

## <u>RELEASE OF CLAIMS</u>

A.    This Decree fully and completely resolves and releases all issues, claims, and allegations raised, or that could have been raised, by the EEOC against Defendant in this Action, as well as all issues, claims and allegations raised in EEOC Charge No. 486-2014-00148.

B.    Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with the ADA, as amended, or any other federal employment statute.

C.    Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D.    This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures, except for the charges specifically referenced in this Decree.

## IV.

## <u>JURISDICTION</u>

A.     The Court has jurisdiction over the Parties and the subject matter of this litigation.

B.     The terms and provisions of this Decree are fair and reasonable.

C.     This Decree conforms with the Federal Rules of Civil Procedure and the ADA, as amended and is not in derogation of the rights or privileges of any person.

D.     The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement or modify the relief provided herein.

## V.

## <u>EFFECTIVE DATE AND DURATION OF DECREE</u>

A.     The provisions and agreements contained herein are effective immediately upon the date on which this Decree is entered by the Court (the "Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## VI.

## <u>MODIFICATION AND SEVERABILITY</u>

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of

any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.     By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.     The Parties expressly agree that if the EEOC has a good faith reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce this Decree, but only in accordance with and subject to the requirements of this Section. Prior to initiating such action, the EEOC will notify Defendant and its legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) of this Decree that the EEOC believes Defendant has violated or breached. Defendant shall have twenty-one (21) calendar days, or such

further time as agreed to by the Parties, from receipt of the written notice to attempt to resolve or cure the breach.

B.     The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.     If the Parties are still unable to resolve all of the disputes referenced in the EEOC notice after using the Parties' best efforts and within twenty-one (21) calendar days, or such further time as agreed to by the Parties, then the EEOC may petition this Court for resolution of the dispute, seeking all available relief the Court deems appropriate.  This provision shall not apply if the alleged breach involves a failure to pay money under this Decree.  The EEOC shall provide written notice of any alleged default of monetary payment under Section VIII and Defendant shall have ten (10) business days to cure the defect.

## VIII.

## <u>MONETARY AND CLAIMANT-SPECIFIC RELIEF</u>

In settlement of this Action, Defendant agrees to pay a total of One Hundred Eighty Thousand and 00/100 Dollars ($180,000.00) to resolve this Action. The monetary relief shall be allocated between currently Known Claimants and Class Fund Eligible Claimants, as defined in Sections VIII.A. and VIII.B below.

The EEOC has full and complete discretion under the terms of this Decree as to (a) the distribution of monetary relief, if any, to the Known Claimants and to the

Class Fund Eligible Claimants; and (b) the characterization of monetary relief to any particular Known Claimant and Class Fund Eligible Claimant as alleged wage loss damages and/or non-wage compensation for alleged emotional distress ("characterization of monetary relief"). Defendant is obligated by this Decree to accept the EEOC's exercise of discretion on the distribution and characterization of monetary relief and to pay the Known Claimants and Class Fund Eligible Claimants in accordance with the EEOC's determination.

## A.    Monetary Relief for Known Claimants

1.      Defendant shall pay a total of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00) to Charging Party Marline Reyes, Sharolyn Burrell and Jade Pacheco (collectively referred to as "Known Claimants").

2.      Within ten (10) business days of the Effective Date, the EEOC agrees to provide Defendant with a Distribution List designating total payment amounts to each of the Known Claimants and the characterization of monetary relief. The Distribution List shall list the appropriate payee and address for each Known Claimant.

3.      Along with the Distribution List, the EEOC shall provide Defendant with completed and signed W-9 forms for each Known Claimant whose payment amount includes, in whole or in part, a payment characterized as non-wage compensation for alleged emotional distress. No withholdings shall be made from

payments characterized as non-wage compensation for alleged emotional distress. Federal and state withholdings as required by law shall be made from payments characterized as alleged wage loss damages.

4.     Within fifteen (15) business days of receiving the EEOC Distribution List, Defendant shall forward by certified mail to each Known Claimant payment in the amounts designated in the EEOC's Distribution List.

5.     For all payments to the Known Claimants, Defendant, in the ordinary course, shall prepare and distribute any necessary tax forms, including Forms 1099 and/or Forms W-2, as appropriate, to each of the Known Claimants at the addresses specified by the EEOC in the Distribution List. Defendant shall be solely responsible for any costs associated with the issuance and distribution of such tax forms.

6.     Within fifteen (15) business days of the issuance of the checks to the Known Claimants, Defendant shall submit copies of the checks and related correspondence, if any, to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

**B.     Monetary Relief – Class Fund**

Within thirty (30) calendar days of the Effective Date of the Consent Decree, Defendant shall deposit Thirty Thousand and 00/100 Dollars ($30,000.00) into an

9

account designated for the Class Fund and shall comply with the procedures set forth below. Defendant's non-compliance with the procedures set forth in this Section shall not be a reason for failing to pay the Class Fund.

1. Within sixty (60) calendar days of the Effective Date of the Consent Decree, or such further time as agreed to by the Parties, Defendant shall provide to the EEOC a list of Customer Relations Department employees who, for the period of June 1, 2016 through the date the list is provided, were denied intermittent leave based on a medical condition or whose intermittent leave based on a medical condition was reassessed (the employees on the list are referred to herein as the "Potential Class Claimants"). The list shall include the following information for each Potential Class Claimant: name, position, last known address, phone number, and period of employment.

2. Based on the information provided in Section VIII.B.1., the EEOC has full and complete discretion under the terms of this Decree as to the eligibility of each Potential Class Claimant for any payment from the Class Fund and, in the event of a payment, the amount of such payment and the characterization of the payment. Potential Class Claimants deemed by the EEOC to be eligible to receive a payment from the Class Fund shall be referred to herein as "Class Fund Eligible Claimants."

3. If no Class Fund Eligible Claimant is identified, the EEOC agrees to

10

consider distributing some or all of the Class Fund to a disability-related charity suggested by Defendant. However, the EEOC retains the discretion to distribute the Class Fund to any of the Known Claimants and/or to a disability-related charity suggested by Defendant, to determine the allocation of the Class Fund and to determine the characterization of the monetary relief distributed.

4.     No later than six months before the end of the term of the Decree, the EEOC shall provide Defendant a Class Fund Final Distribution List designating payment amount(s) to the Class Fund Eligible Claimants from the Class Fund, or to the Known Claimants and/or a disability-related charity suggested by Defendant. The Class Fund Final Distribution List provided by the EEOC shall list each individual and/or disability-related charity to receive money from the Class Fund by providing each Class Fund Eligible Claimant's or Known Claimant's full name and address, the dollar amount to be distributed, and the characterization of monetary relief; and, in the case of a disability-related charity, the entity's full name and address, and the dollar amount to be distributed.

5.     Along with the Class Fund Final Distribution List, the EEOC shall provide Defendant with completed and signed W-9 forms for each Class Fund Eligible Claimant and Known Claimant on the list whose payment amount includes, in whole or in part, a payment characterized as non-wage compensation for alleged emotional distress.  No withholdings shall be made from payments

characterized as non-wage compensation for alleged emotional distress. Federal and state withholdings as required by law shall be made from payments characterized as alleged wage loss damages.

6.      Within fifteen (15) business days of receiving the EEOC's Class Fund Final Distribution List, Defendant shall forward by certified mail to each individual or entity on the list payment in the amounts designated in the EEOC's Class Fund Final Distribution List.

7.      For all payments to the Class Fund Eligible Claimants and/or Known Claimants, Defendant, in the ordinary course, shall prepare and distribute any necessary tax forms, including Forms 1099 and/or Forms W-2, as appropriate, to the individuals on the EEOC's Class Fund Final Distribution List. Defendant shall be solely responsible for any costs associated with the issuance and distribution of such tax forms.

8.      Within fifteen (15) business days of the issuance of the checks to the individuals and/or entities on the EEOC's Class Fund Final Distribution List, Defendant shall submit a copy of the checks and related correspondence, if any, to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

## C.   <u>Claimant Specific Relief</u>

Provided that Known Claimants and Class Fund Eligible Claimants, as defined herein, refer all requests for information about their respective employment with HMSA to its Human Resources department, Defendant shall provide a neutral verification of each such individual's employment in response to a request by a prospective employer. The Parties understand that Defendant's policy is that its Human Resources department will only disclose an employee's dates of employment and position held in response to a reference inquiry.

## IX.

## <u>GENERAL INJUNCTIVE RELIEF</u>

## A.   <u>Anti-Discrimination</u>

Defendant agrees that federal law prohibits discrimination against a qualified individual on the basis of disability. Defendant also agrees that federal law requires making reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless the accommodation would impose an undue hardship. Defendant agrees that it has an obligation to comply with the aforementioned federal law.

## B.   <u>Retaliation</u>

Defendant agrees that it has an obligation under federal law to not implement or permit any action, policy, or practice with the purpose of retaliating

against any current or former employee or applicant of Defendant, because he or she in the past or during the term of this Decree:

      1.     opposed any practice made unlawful by the ADA, as amended;

      2.     made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under the ADA, as amended;

      3.     asserted any right under this Decree; or

      4.     sought and/or received any relief in accordance with this Decree.

**C.**    **Requests for Reasonable Accommodation**

Defendant agrees to engage in an interactive process with disabled employees who have requested an accommodation to determine whether a reasonable accommodation, which may be the requested accommodation or other effective accommodation, can be provided without resulting in undue hardship. For the duration of the Decree, requests for reasonable accommodation under the ADA will be handled through a centralized unit that will be referred to in this Decree as Defendant's "Human Resources Accommodation Unit."

**X.**

**SPECIFIC INJUNCTIVE RELIEF**

**A.**    **Policies and Procedures**

      1.     **Review / Revision of ADA Policy and Procedure**

Within 120 calendar days of the Effective Date of the Decree, Defendant

14

shall review and revise its policies and procedures regarding compliance with the ADA, as amended ("ADA Policy and Procedure"). When reviewing and revising its ADA Policy and Procedure, Defendant shall ensure that the ADA Policy and Procedure includes:

       a.     a clear explanation of prohibited discriminatory conduct on the basis of disability in personnel decisions, including, but not limited to, hiring, promotion, reasonable accommodation, and/or termination;

       b.     assurance that employees who make complaints of discrimination or who provide information related to such complaints are protected against retaliation;

       c.     a clear explanation of employees' rights and responsibilities under the ADA, as amended, including a statement that Defendant will timely provide an available, effective reasonable accommodation with regard to all terms, conditions, benefits, and privileges of employment, except in cases of undue hardship;

       d.     a clearly described accommodation process for employees who believe they may need a reasonable accommodation on the basis of disability, including the procedure to request accommodation, and the fact that interaction to determine possible effective and available accommodations and, if necessary, to determine the continuing effectiveness of provided accommodation(s), will occur.

e.      a clear explanation of the role and contact information of

Defendant's Human Resources Accommodation Unit to assess and to decide on the

request and to answer any questions about accommodations;

f.      a clearly described complaint process for employees who

believe they have been subjected to disability discrimination that identifies internal

avenues for complaints and addresses how such complaints are handled; and

g.      assurance that Defendant will take immediate and appropriate

corrective action when it determines that disability discrimination has occurred.

2.      <u>Notice of Revision and Distribution of ADA Policy and Procedure</u>

Within 150 calendar days of the Effective Date of this Decree, Defendant

shall notify all employees in writing (electronically and/or in hard copy, at

Defendant's option) that the ADA Policy and Procedure has been revised and

shall distribute its revised ADA Policy and Procedure to all employees.  This

notice will, *inter alia*, inform employees that, in response to a request for a

reasonable accommodation, Defendant will engage in an interactive process with

the employee to assess the request and will do so without regard to whether

Defendant considers regular, reliable attendance to be an essential function of the

employee's position.

3.      <u>Subsequent Revision of Defendant's ADA Policy and Procedure</u>

If Defendant subsequently revises its ADA Policy and Procedure during the

term of this Decree, Defendant shall submit to EEOC any revisions to Defendant's ADA Policy and Procedure fifteen (15) business days prior to the proposed change or revision.

    4.    <u>Distribution of Defendant's Policy and Procedure to Subsequently Hired Employees</u>

For each new employee hired after the initial distribution of Defendant's revised ADA Policy and Procedure described above, Defendant shall ensure that the new employee receives its ADA Policy and Procedure within thirty (30) calendar days of the start of employment.

**B.**    **<u>Defendant's Interactive Process / Reasonable Accommodation Practices</u>**

    1.    For the duration of the Decree, Defendant shall have a centralized unit – the Human Resources Accommodation Unit – to handle the responsibilities described in Section X.B.2.

    2.    For the duration of the Decree, Defendant agrees that its Human Resources Accommodation Unit will engage in an interactive process with employees in the Customer Service Department who are qualified individuals with a disability as defined by the ADA and who have requested reasonable accommodation, including but not limited to intermittent leave, to determine whether the request or another effective accommodation can be provided without resulting in an undue hardship. Defendant shall engage in this interactive process

17

without regard to whether Defendant considers regular, reliable attendance to be an essential function of the employee's position.

**C.** **Training**

     1.     Training of All Non-Supervisory Employees of the Customer Relations Department

         a.     Training within 120 calendar days of the Effective Date of the Decree

Within 120 calendar days of the Effective Date, Defendant shall provide live training for all of Defendant's non-supervisory employees of the Customer Relations Department. Where reasonably feasible, the training shall be in-person, but remote-located employees may participate via video-conference, live webinar, or similar technology.  The training shall include:

         1.     A summary, in layperson's terms, of the ADA, as amended, including its prohibition on disability discrimination, a description of what constitutes unlawful disability discrimination, examples of potentially qualifying disabilities, and examples of possible accommodations (depending on the circumstances); and

         2.     Defendant's revised ADA Policy and Procedure, including but not limited to, the role of the Human Resources Accommodation Unit, raising an accommodation request or potential need for an accommodation,

the interactive process (including that Defendant will engage in an interactive process with an employee to assess the employee's accommodation request and will do so without regard to whether Defendant considers regular, reliable attendance to be an essential function of the employee's position), and reporting concerns regarding the interactive process or violations of the ADA Policy and Procedure.

        b.    <u>Subsequent Annual Training</u>

In years two and three of the Decree as determined from the Effective Date of the Decree, Defendant shall provide a training either live (in person or by video-conference, live webinar or similar technology) or by showing a video-recording for all of Defendant's non-supervisory employees of the Customer Relations Department. The training shall cover the topics set forth in Section X.C.1.a.

    2.    <u>Training for all Supervisory Employees of the Customer Relations Department</u>

        a.    <u>Training within 120 calendar days of the Effective Date of the Decree</u>

Within 120 calendar days of the Effective Date of this Decree, Defendant shall provide a live training for all of Defendant's supervisory employees of the Customer Relations Department. Where reasonably feasible, the training shall be in-person, but remote-located employees may participate via video-conference,

live webinar, or similar technology.  The training shall cover the topics set forth in Section X.C.1.a. and, in addition, the training shall address, in layperson's terms, supervisors' general responsibilities under the ADA and supervisors' responsibilities under Defendant's ADA Policy and Procedure, including the responsibility to refer all requests for accommodation due to a medical condition to Defendant's Human Resources Accommodation Unit.

      b.    <u>Subsequent Annual Trainings</u>

In years two and three of the Decree as determined from the Effective Date of the Decree, Defendant shall provide a training either live (in person or by video-conference, live webinar or similar technology) or by showing a video-recording for all of Defendant supervisory employees of the Customer Relations Department. The training shall cover the topics set forth in Section X.C.2.a.

    3.    <u>Training for Defendant's Human Resources Accommodation Unit</u>

      a.    <u>Training within 120 calendar days of the Effective Date of the Decree</u>

Within 120 calendar days of the Effective Date of this Decree, Defendant shall provide a live training for all of its employees who are members of the Human Resources Accommodation Unit. The training shall cover the topics set forth in Sections X.C.1.a. and X.C.2.a. The training further shall include the following:

1.     Defendant's obligations pursuant to the ADA as amended to engage in the interactive process and provide a reasonable accommodation, which could include, depending on the circumstances, a medical leave of absence;

2.     Defendant's s obligation to comply with the ADA as amended, irrespective of the applicability of other laws;

3.     how to recognize an accommodation request or a potential need for an accommodation for individuals with disabilities;

4.     how to conduct an effective interactive process, including communicating with relevant individuals such as the employee and the employee's managers and/or supervisors;

5.     how to determine an effective accommodation;

6.     Defendant's obligations under this Decree, including its recordkeeping responsibilities set forth in Sections X.D. and X.E. below; and

7.     how to address and investigate disability discrimination and retaliation complaints.

     b.     <u>Subsequent Annual Trainings</u>

In years two and three of the Decree as determined from the Effective Date of the Decree, Defendant shall provide a live training for all of the employees who are members of Defendant's Human Resources Accommodation Unit. The training shall cover the topics set forth in Section X.C.3.a.

   c. <u>Training by a Qualified Third-Party Trainer</u>

The training to the members of Defendant's Human Resources Accommodation Unit shall be by a third-party trainer qualified in the topics of the required training. The third-party trainer shall be approved by the EEOC and the EEOC agrees not to unreasonably withhold approval. No later than thirty (30) calendar days before the scheduled training, Defendant shall submit to the EEOC the name of the third-party trainer and his or her qualifications for the training. If the EEOC objects to the proposed trainer submitted by Defendant, then, within ten (10) business days of Defendant's submission of its proposed trainer, the EEOC will provide the names and contact information of three possible third-party trainers acceptable to the EEOC to conduct the training, from which Defendant may select the trainer. Defendant shall bear all costs to retain the third-party trainer to conduct the training set forth in this Section.

   4. <u>Make-Up Training</u>

To the extent practicable, all employees subject to the training set forth in Section X.C. shall be required to attend the applicable training sessions as scheduled. If an employee is unavailable to attend a training session as scheduled, Defendant shall require the employee to attend a live training session or to watch a video recording of the missed training within thirty (30) calendar days after the missed training, unless the employee is unable to do so due to an extended absence

from work.

    5.    <u>New Hire Training</u>

Within thirty (30) calendar days of the hire date of any employee who is subject to the training set forth in Section X.C. and who is hired during the term of the Decree but who was hired after the training for the year was completed, Defendant shall provide either a live (in person or by video-conference, live webinar or similar technology) or a video-recorded training to such employee covering the topics set forth in this applicable subsection above.

    6.    <u>Notice and Verification of Training</u>

    a.    <u>Notice of Training</u>

Not less than thirty (30) calendar days prior to any training, Defendant shall provide written notice to EEOC including the time and location of the training, and the name and contact information of the trainer. The written notice shall be sent via U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012. With at least seven (7) business days' prior written notice to Defendant, the EEOC shall have the right to attend the trainings described in the Decree.

    b.    <u>Verification of Training</u>

All employees who attend the training provided for in this Section X.C. shall

verify their attendance at each training session in writing, to include the employee's name and job title.  The documents verifying the training shall be provided to the EEOC as set forth in Section X.G.

**D.     Centralized Tracking System of Accommodation Requests and Disability Discrimination Complaints**

1.     Through its Human Resources Accommodation Unit, Defendant shall maintain a centralized tracking of all requests for accommodations due to a disability and all disability discrimination complaints as set forth herein.

2.     Through its Human Resources Accommodation Unit, Defendant shall retain all documents relating to any accommodation requests and any interactive process and accommodations provided. Defendant shall also retain all documents relating to any complaint of disability discrimination, including documents related to any investigation into such complaint, and any resolution of such complaint.

3.     Through its Human Resources Accommodation Unit, Defendant shall maintain an Accommodation Log, which includes the following information:

a.     the name of the employee making the accommodation request; and the employee's job title;

b.     the date of the accommodation request;

c.     the employee's physical or mental impairment supporting the accommodation request;

d.      the accommodation requested;

e.      Defendant's response to the accommodation request, including a general statement/summary of the interactive process; and

f.      In cases where the requested accommodation is not provided, a statement of the reason(s) for Defendant's decision.

4.      Through its Human Resources Accommodation Unit, Defendant shall maintain a Disability Discrimination Complaint Log, which includes the following information:

a.      the name of the employee making the disability discrimination complaint;

b.      the date the disability complaint was received;

c.      the type / description of the disability discrimination complaint;

d.      the name of the alleged wrongdoer(s);

e.      the name of the investigator;

f.      the outcome of the investigation; and

g.      the date of closure.

**E.      Recordkeeping**

For the duration of the Decree, Defendant shall maintain records as are necessary to demonstrate compliance with this Decree and to verify that the reports submitted pursuant to Section X.G. are accurate. The records to be maintained

shall include:

1.     An electronic record reflecting or forms acknowledging the receipt by Defendant's employees of its revised ADA Policy and Procedure;

2.     All documents verifying the occurrence of all training sessions set forth in Section X.C., including training materials and attendance sheets with the names and positions of all attendees for each training session required under this Decree.

3.     all documents related to the accommodation requests listed on Defendant's Accommodation Log, including the accommodation requests, documents reviewed by Defendant in evaluating the accommodation requests, documents related to the interactive process, and documents related to Defendant's decision regarding the accommodation request; and

4.     all documents (including communications) related to the complaints of disability discrimination and Defendant's response, investigation, and decision / outcome.

Defendant will make the aforementioned records available to the EEOC for inspection and copying within thirty (30) calendar days, or such further time as agreed to by the Parties, following a written request by the EEOC.

**F.     <u>Posting Notice of Consent Decree</u>**

Within ten (10) business days after the Effective Date and throughout the

term of this Decree, Defendant shall post the Notice attached to the Decree as Exhibit A, in a clearly visible location frequented by employees at all of Defendant's locations.

**G.   <u>Reporting</u>**

    1.    <u>Reporting within 141 Calendar Days of the Effective Date of the Decree</u>

Within 141 calendar days of the Effective Date, Defendant shall provide the following reporting to the EEOC:

    a.    A copy of its revised ADA Policy and Procedure.

    b.    A statement to the EEOC confirming distribution of Defendant's revised ADA Policy and Procedure and provision of the notice as set forth in Section X.A.2 to all of its employees and a report, electronic record, or other documents reflecting employees' receipt of the ADA Policy and Procedure.

    c.    A written statement and documentation verifying that the training set forth in Section X.C. to occur within 120 calendar days of the Effective Date was conducted. If some employees subject to the training set forth in Section X.C., other than employees on an extended absence from work, missed the scheduled training, then Defendant shall state the date(s) of make-up trainings. The documentation and information to be provided regarding the training described in this paragraph shall include:

27

1.      the identity and job title of the trainer;

2.      the training materials used and/or distributed; and

3.      the attendance sheets showing each attendee's name and job title.

e.      A statement that the Notice of Consent Decree has been posted in accordance with Section X.F.

f.      A statement that Defendant has complied with each requirement of the Consent Decree as of the date of the report.

2.      <u>Annually</u>

Within fifteen (15) business days after the end of years two and three of the Decree, Defendant shall provide the following reporting to the EEOC:

a.      A copy of Defendant's ADA Policy and Procedure, if revised since the prior report under this Section X.G.

b.      A statement to the EEOC confirming distribution of Defendant's ADA Policy and Procedure to all of its employees hired since the prior report under this Section X.G. and a report, electronic record or other documents reflecting such employees' receipt.

c.      A written statement and documentation verifying that the annual training set forth in Section X.C. for the applicable year was conducted. If some employees subject to the training set forth in Section X.C., other than

employees on an extended absence from work missed the scheduled training for the applicable year, then Defendant shall state the date(s) of make-up trainings. The documentation and information to be provided regarding the training described in this paragraph shall include:

      1.    the identity and job title of the trainer;

      2.    the training materials used and/or distributed; and

      3.    the attendance sheets showing each attendee's name and job title.

      e.    A statement verifying that the Notice of Consent Decree has been posted in accordance with Section X.F. since the prior report under this Section X.G.

      f.    A copy of Defendant's Accommodation Log as set forth in Section X.D.3.

      g.    A copy of Defendant's Disability Discrimination Complaint Log as set forth in Section X.D.4.

      h.    A statement that Defendant has complied with each requirement of the Consent Decree as of the date of the report.

## XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION

## OF CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.

## MISCELLANEOUS PROVISIONS

A.      During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) calendar days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.      During the term of this Consent Decree, Defendant shall assure that each of its directors, officers, human resources personnel, managers and supervisors are aware of any term(s) of this Decree which may be related to his/her job duties.

C.      Unless otherwise stated, all notices, reports and correspondence required

under this Decree shall be delivered to the attention of Anna Y. Park, Regional

Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple

Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

D.     The Parties agree to entry of this Decree and judgment subject to final

approval by the Court. All parties, through the undersigned, respectfully apply for

and consent to the entry of this Consent Decree as an Order of this Court.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

January 6, 2020                 */s/ Anna Y. Park*

Date: _____

By:   Anna Y. Park
      Attorney for Plaintiff EEOC

MARR JONES & WANG LLP

January 2, 2020                 */s/ Sarah O. Wang*

Date: _____

By:   Sarah O. Wang
      Attorney for Defendant
      Hawaii Medical Services
      Association

## ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

Date: January 7, 2020



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge